UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.:  13-11003-BKC-LMI
                                                          Chapter 7
**JOSE MONCADA**
SSN: XXX-XX-5245
_____Debtor._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND
SETTLEMENT REGARDING (1) VALUATION AND REPURCHASE OF DEBTOR'S NON-
EXEMPT ASSETS AND (2) TURNOVER OF FEDERAL INCOME TAX REFUNDS**

> **Any interested party who fails to file and serve a written
> response to this Motion within 21 days after the date of
> service stated in this Motion shall, pursuant to Local Rule
> 9013-1(D), be deemed to have consented to the entry of an
> order in the form attached to this Motion.  Any scheduled
> hearing may then be canceled.**

Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Jose Moncada

(the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule

9013-1(D), files her Motion to Approve Stipulation for Compromise and Settlement

Regarding (1) Valuation and Repurchase of Debtor's Non-Exempt Assets and (2) Turnover

of Federal Income Tax Refunds (the "Motion"), and in support thereof, states as follows:

**I.       Background**

1.       This case commenced with the filing of a voluntary Chapter 7 Petition on

January 16, 2013.  Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2.       The Trustee has evaluated the Debtor(s)' property valuations and claimed

exemptions and determined that the resolution agreed upon with the Debtor is in the best

interests of the Estate.  The details of the analysis and agreement are set forth in the

Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of

Debtor's Non-Exempt Assets, attached hereto as Exhibit "A."

3.      The Stipulation provides for the repurchase of Debtor's non-exempt assets (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.      Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)     the probability of success in the litigation;

(b)     the difficulties, if any, to be encountered in the matter of collection;

(c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.     The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Jose Moncada, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on September 19, 2013, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Jessika A. Graham
Fla. Bar No. 72452
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
jtabas@tabasfreedman.com
jgraham@tabasfreedman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                        CASE NO.: 13-11003-BKC-LMI
                                              Chapter 7

**JOSE MONCADA**
SSN: XXX-XX-5245
_____Debtor._____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION
AND (1) REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND
(2) TURNOVER OF FEDERAL INCOME TAX REFUNDS**

Marcia T. Dunn, as Chapter 7 Trustee, and the Debtor, Jose Moncada (the "Debtor"),
enter into this Stipulation for Compromise and Settlement Regarding (1) Valuation and
Repurchase of Debtor's Non-Exempt Assets and (2) Turnover of Federal Income Tax Refunds
(the "Stipulation").  The Trustee and the Debtor agree upon the following terms and conditions:

1.      This case commenced with the filing of a voluntary Chapter 7 Petition on January
16, 2013.  Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2.      The Schedules list certain property (collectively, the "Scheduled Property").  The
Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3.      The Debtor has claimed a portion of the Property as exempt.

4.      Based on a review of the documents provided and other salient information, the
Trustee asserts that a portion of the Property may be undervalued.

5.      The Debtor disputes certain aspects of the Trustee's analysis.





**THE SETTLEMENT**

6.      The Trustee and the Debtor agree to compromise the valuation and repurchase of the non-exempt interest in the Property for (1) $3,000.00 (the "Settlement Amount") and (2) turnover of 100% of the Debtor's 2010, 2011 and 2012 income tax refund (the "Refunds"). The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

7.      The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interests in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| cash | 0.52% | $ 15.45 |
| Chase #7031 | 9.38% | $ 281.33 |
| Chase #8637 | 8.45% | $ 253.54 |
| Chase #9890 | 2.43% | $ 72.82 |
| Tropical Financial | 1.24% | $ 37.15 |
| HHG | 9.06% | $ 271.95 |
| Clothing | 1.55% | $ 46.35 |
| Jewelry | 1.03% | $ 30.90 |
| 2008 Smart Car | 30.62% | $ 918.48 |
| Transfer to friend | 15.45% | $ 1072.03 |

8.      The Trustee and the Debtor agree that the Settlement Amount shall be paid in a lump sum of $3,000.00 to be paid on or before October 1, 2013.

9.      The Debtor consents to the direct payment by the Internal Revenue Service ("IRS") of the full amount of the Refunds. To the extent that the IRS does not forward any Refund check directly to the Trustee, the Debtor agrees to immediately forward the Refund check received from the IRS to the Trustee upon receipt of same. In the event the Debtor receives the Refunds by electronic transfer or direct deposit, the Debtor agrees to remit the full amount of the Refunds received, in the form of a cashier's check or money order, to the Trustee, within three (3) days of receipt. The Debtor further agrees not to spend any portion of

Initials

the Refunds, or take any actions, including but not limited to instructing the IRS to apply the Refunds to future tax obligations, which would impair the Estate's interest in the Refund.

10.     Each payment shall be in the form of a money order or cashier's check, made payable to "Marcia T. Dunn, Trustee, for the Estate of Jose Moncada , Case No.: 13-11003-BKC-LMI," and shall be delivered to Marcia T. Dunn, Trustee, at 555 N.E. 15th Street, Suite 7712, Miami, Florida 33132.

11.     With regard to the repurchase of the Debtor's non-exempt interest in the vehicle included in the Property, the Debtor agrees to: (i) maintain full liability and property damage insurance on all vehicle until such time as the Settlement Amount is paid in full; and (ii) name Marcia T. Dunn, Trustee as loss payee and additional insured on the insurance policy for the vehicle and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation.  The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

12.     The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

13.     In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

Initials

CASE NO.: 13-11003-BKC-LMI

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15.     This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

16.     This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

(Initials)

CASE NO.: 13-11003-BKC-LMI

Dated this ___8th___ day of September, 2013.

_____
Jose Moncada
12041 SW 174TH STREET
Miami, FL 33177

Dated this _18th_ day of September, 2013.

_____
Marcia T. Dunn, Trustee
555 N.E. 15th St., Suite 7712
Miami, Florida  33132
Telephone: (786) 433-3866
Facsimile: (786) 260-0269

Dated this _18th_ day of September, 2013

_____
Timothy S Kingcade Esq
1370 Coral Way
Miami, FL 33145

_____
Initials

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.:  13-11003-BKC-LMI
                                                          Chapter 7
**JOSE MONCADA**
SSN: XXX-XX-5245
_____Debtor(s)._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING (1) VALUATION AND
REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND
(2) TURNOVER OF FEDERAL INCOME TAX REFUNDS**

**THIS CAUSE** having come before the Court upon Marcia T. Dunn, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (1) Valuation and Repurchase of Debtor's Non-Exempt Assets and (2) Turnover of Federal Income Tax Refunds (the "Motion"), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED** as follows:

1 of 2



1.      The Motion is granted.

2.      The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET | |
|---|---|---|---|
| cash | 0.52% | $ | 15.45 |
| Chase #7031 | 9.38% | $ | 281.33 |
| Chase #8637 | 8.45% | $ | 253.54 |
| Chase #9890 | 2.43% | $ | 72.82 |
| Tropical Financial | 1.24% | $ | 37.15 |
| HHG | 9.06% | $ | 271.95 |
| Clothing | 1.55% | $ | 46.35 |
| Jewelry | 1.03% | $ | 30.90 |
| 2008 Smart Car | 30.62% | $ | 918.48 |
| Transfer to friend | 15.45% | $ | 1072.03 |

The Trustee and the Debtor  that the Estate will be paid $3,000.00 on or before October 1, 2013 and turnover the 2010, 2011, and 2012 Federal Income Tax Refunds to the Trustee.

3.      The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

Atlas Acquisitions
294 Union St
Hackensack, NJ 07601

Ablitt Scofield, P.C.
100 S Dixie Hwy Ste 200
West Palm Beach, FL 33401

Allied Interstate Inc
3000 Corporate Exchange Dr
Columbus, OH 43231

Asset Acceptance Llc
Pob 1630
Warren, MI 48090

Aurora Bank Fsb
601 5th Avenue
Scottsbluff, NE 69361

Aurora Bank Fsb
ATTN: BANKRUPTCY DEPT.
2617 College Park
Scottsbluff, NE 69361

Bank Of America
4161 Piedmont Pkwy
Greensboro, NC 27410

Bank Of America
ATTENTION: RECOVERY DEPARTMENT
4161 Peidmont Pkwy.
Greensboro, NC 27410

Bank Of America
ATTENTION: BANKRUPTCY NC4-105-0314
Po Box 26012
Greensboro, NC 27410

Bank Of America
A T T N :   C O R R E S P O N D E N C E
UNIT/CA6-919-02-41
Po Box 5170
Simi Valley, CA 93062

Bank Of America
Po Box 982235
El Paso, TX 79998

Bank Of America Checking Accou
C/O Rjm Acq Llc
575 Underhill Blvd Ste 2
Syosset, NY 11791

Bank Of America, N.A.
NY7-501-02-07
5701 Horatio St
Utica, NY 13502-1024

Bank Of America, N.a.
4161 Piedmont Pkwy
Greensboro, NC 27410

Cach, Llc
4340 S Monaco St Unit 2
Denver, CO 80237

Cach, Llc
ATTENTION: BANKRUPTCY
4340 South Monaco St. 2nd Floor
Denver, CO 80237

Cap One
ATTN: BANKRUPTCY DEPT.
Po Box 30285
Salt Lake City, UT 84130

Cap One
PO Box 85520
Richmond, VA 23285-5520

Carmax Auto Finance
2040 Thalbro St
Richmond, VA 23230

Carmax Auto Finance
ATTN: BANKRUPTCY
225 Chastain Meadows Ct.
Kennesaw, GA 30144

Cavalry Portfolio Serv
500 Summit Lake Dr
Valhalla, NY 10595

Cavalry Portfolio Serv
A T T E N T I O N :   B A N K R U P T C Y
DEPARTMENT
500 Summit Lake Dr. Suite 400
Valhalla, NY 10595

Chase
P.o. Box 15298
Wilmington, DE 19850

Chase
Po Box 24696
Columbus, OH 43224

Chase Auto
ATTN: NATIONAL BANKRUPTCY DEPT
201 N Central Ave Az1-1191
Phoenix, AZ 85004

Chase Auto
Po Box 901076
Ft Worth, TX 76101

Checksystems
7805 Hudson Rd
Woodbury, MN 55125

Child Support Enforcement
PO Box 8030
Tallahassee, FL 32314-8030

Citi
ATTN: CENTRALIZED BANKRUPTCY
Po Box 20507
Kansas City, MO 64195

Citi
C I T I C O R P S     C R E D I T
SERVICES/ATTENTION: CEN
Po Box 20507
Kansas City, MO 64195

Citi
Po Box 6241
Sioux Falls, SD 57117

Citicorp Trust Bank
Po Box 9438, Dept 0251
Gaithersburg, MD 20898

Department Of The Treasury
PO Box 21126
Philadelphia, PA 19114-0326

Dsnb Macys
9111 Duke Blvd
Mason, OH 45040

Eldorado Frn
BANKRUPTCY
4137 121st St
Urbandale, IA 50323

Eldorado Frn
Po Box 94498
Las Vegas, NV 89193

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Experian
PO Box 2002
Allen, TX 75013-2002

Financial Independence Services, Co
C/O Jorge L. Palma, R.A.
701 SW 27th Ave Ste 900
Miami, FL 33135

Florida Department Of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

Gecrb/care Credit
ATTN: BANKRUPTCY
Po Box 103104
Roswell, GA 30076

Gecrb/care Credit
Po Box 965036
Orlando, FL 32896

Gecrb/city Furniture
Po Box 965036
Orlando, FL 32896

Gecrb/lord And Tay
Po Box 965015
Orlando, FL 32896

Gecrb/suzuki
Po Box 981400
El Paso, TX 79998

Gmac Mrtg
ATTENTION: BANKRUPTCY DEPT
1100 Virginia Drive
Fort Washington, PA 19034

Gmac Mrtg
Po Box 4622
Waterloo, IA 50704

Hsbc Bank
Po Box 5253
Carol Stream, IL 60197

Hsbc/bstby
Po Box 5253
Carol Stream, IL 60197

Hsbc/ms
Po Box 3425
Buffalo, NY 14240
(With New Address)

HSBC Mortgage Services
P.O. 1231
Brandon, FL 33509-1231

Hsbc/rtg
Po Box 5253
Carol Stream, IL 60197

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jacob Law Group, PLLC
2623 W Oxford Loop
Oxford, MS 38655-5442

**Jose Moncada**
**12041 SW 174th Street**
**Miami, FL 33177-2246**

Kay Jewelers
375 Ghent Rd
Fairlawn, OH 44333

Kay Jewelers
ATTENTION: BANKRUPTCY
Po Box 3680
Akron, OH 44309

Kinecta Fed Cu
1440 Rosecrans Ave
Manhattan Beach, CA 90266

Law Offices Of Harold E. Scherr, P.A.
1064 Greenwood Blvd Ste 328
Lake Mary, FL 32746-5419

Lvnv Funding Llc
Po Box 740281
Houston, TX 77274

~~Mayors Jewel~~
~~Cscl Dispute Team~~
~~Des Moines, IA 50306~~

~~Nationstar Mortgage Ll~~
~~350 Highland Dr~~
~~Houston, TX 77067~~

Nationstar Mortgage Ll
350 Highland Dr
Lewisville, TX 75067

Nationstar Mortgage Ll
ATTN: BANKRUPTCY
350 Highland Dr
Lewisville, TX 75067

Popkin & Rosaler, P.A.
1701 W Hillsboro Blvd Ste 400
Deerfield Beach, FL 33442

Pvl Associates Inc.
C/O Bca Financial Services
18001 Old Cutler Rd Ste
Palmetto Bay, FL 33157

Pvl Associates, Inc
151 N Nob Hill Rd Ste 273
Plantation, FL 33324-1708

Rjm Acq Llc
575 Underhill Blvd Suite 224
Syosset, NY 11791

Sallie Mae
ATTN: CLAIMS DEPARTMENT
Po Box 9500
Wilkes-barre, PA 18773

Sallie Mae
Po Box 9500
Wilkes-barre, PA 18773

Sears/cbna
Po Box 6282
Sioux Falls, SD 57117

Transunion
PO Box 1000
Chester, PA 19016-1000

Tropical Financial Cu
3050 Corporate Way
Miramar, FL 33025

University of Miami Health System
PO Box 741199
Atlanta, GA 30374-1199

~~Wachovia/acs~~
~~3301 C Street~~
~~Sacramento, CA 95816~~

Timothy S Kingcade Esq
1370 Coral Way
Miami, FL 33145